IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN M. LINDSAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 05-0580-CV-W-ODS |
| | ) | Crim. No. 04-00024-01-CR-W-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1). For the following reasons, Movant's motion is denied.

### Background

Movant was indicted on three counts of a multi-count indictment, charging him with possession with intent to distribute 50 grams or more of methamphetamine, possession of a firearm during and in relation to a drug trafficking crime, and criminal forfeiture. On May 25, 2004, Movant entered a guilty plea pursuant to a plea agreement. The plea agreement stated that Movant was responsible for 68 grams of methamphetamine and possession of four firearms, which results in a base offense level of 26. The agreement also stated that Movant would be afforded a reduction of 3 levels for acceptance of responsibility. Movant was subsequently sentenced to a total term of 120 months custody and a term of 4 years supervised release on Count 1 and 3 and 3 years on Count 2, to run concurrently. Movant now challenges his sentence for three reasons, claiming that (1) Count 1 of the indictment was incorrect by law and therefore his sentence was incorrect, (2) there was insufficient evidence to support a 924(c) violation, and (3) the Court improperly relied on the Sentencing Guidelines when determining his sentence.

## Discussion

### Claim I

Movant first alleges that the amount of methamphetamine he was charged with is actually more than he had in his possession when he was arrested, resulting in a higher sentence. Movant was charged with intent to distribute 50 grams or more of methamphetamine and admitted in his plea agreement that he was in possession of 68 grams of methamphetamine. Furthermore, Movant waived his right to appeal the length of his sentence. In paragraph 9 of the plea agreement, Movant agreed not to appeal and "expressly waive[d] the right to appeal his sentence, directly or collaterally on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of the law apart from the Sentencing Guidelines." Eg. U.S. v. Cervantes, 420 F.3d 792, 794 (8th Cir. 2005.)

### Claim II

Movant also claims there was insufficient evidence to support his 18 U.S.C § 924(c) violation, possession of a firearm during and in relation to a drug trafficking crime. This is an issue that should have been raised on direct appeal and a §2255 motion should not be a substitute for an appeal. Poor Thunder v. U.S., 810 F.2d 817, 823 (8th Cir. 1987).

To the extent that Movant is arguing that he had ineffective assistance of counsel for failure to raise this issue, the Court analyzes these claims under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984) "This standard requires [Movant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but

for a counsel's unprofessional errors, the result of the proceeding would have been different.

Id. (internal citations omitted). Failure to satisfy both prongs is fatal to the claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

Movant first contends he received ineffective assistance of counsel because his attorney failed to appeal his sentence and advised Movant that it was not possible to do so. This advice was correct. Movant clearly waived his right to appeal his sentence as part of his plea agreement. In any event, Movant does not suggest he asked that a Notice of Appeal be filed.

Movant also claims he did not understand his charges or the plea agreement and that he was mislead when he was directed to sign the agreement. The transcript of the Plea Hearing contradicts him. Movant was given ample opportunity to express any confusion or concern regarding the terms of the plea agreement. Movant made it clear that he understood the agreement and willingly agreed to it. Further, paragraph 17 of the plea agreement, signed by Movant, explicitly states that Movant read the agreement and understood the agreement, and by signing the agreement agreed to its terms without threat or coercion.

### Claim III

Movant seems to be invoking the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), by addressing the Court's use of the mandatory minimum sentence in this case. However, Blakely does not apply to collateral attacks such as this. Never Misses a Shot v. U.S., 413 F.3d 781, 783 (8th Cir. 2005).

### Conclusion

For the foregoing reasons, Movant's motion is denied.
IT IS SO ORDERED.

Date: September 30, 2005  /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT